**Charles SWAIN, Plaintiff,**

v.

**SS AMERICAN TRADER et al.,
Defendants.**

**No. 71–1288–AAH.**

United States District Court,
C. D. California.

Jan. 22, 1973.

Leonard M. Kramer, by James H. Garcia, Jr., Los Angeles, Cal., for plaintiff.

Graham & James by Reed M. Williams, Long Beach, Cal., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This action having been tried before the court, I make and file the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The plaintiff is Charles Swain, a citizen of the United States of America, who resides in Pomona, L.A. County, Calif.

2. The defendant is the American Trading and Production Corporation, a New York corporation, maintaining its principle office in New York City. The corporation maintains an office for the transaction of business in Los Angeles, Calif. Said corporation was the owner and or operator of the SS "AMERICAN TRADER," a general ship engaged in the common carriage of merchandise by water for hire between, among other places, the ports of Los Angeles and the Far East.

3. On or about June 2, 1970, plaintiff, Charles Swain, was employed as an able bodied seaman aboard the SS AMERICAN TRADER, under a contract of employment with the defendant, American Trading and Production Corporation. Said contract of employment was entered into on or about April 13, 1970 at Los Angeles, California, and said contract was to terminate approximately eighteen months later.

4. On or about June 2, 1970, while aboard the SS AMERICAN TRADER operating in the Far East and while at sea, plaintiff, Charles Swain, was ordered to operate a pneumatic deck brush machine used to scrape and sand railings on the ship. While using said deck brush machine, plaintiff, Charles Swain, sustained painful injuries to his arms, chest, face, leg and the area about his groin. Said injuries were caused by wire bristles from the deck brush machine and other debris from the machine entering plaintiff's body.

5. The plaintiff, Charles Swain, was forced to use said deck brush machine in an improper manner in that it was not intended to be used by hand in scraping railings but rather on the deck in the manner for which its intended purpose was designed.

6. The defendants, through its officers and crew employed aboard the SS AMERICAN TRADER, failed to furnish plaintiff, Charles Swain, with safety equipment such as safety goggles, leather apron and other safety equipment prior to using said machine. Defendants through its officers and crew aboard said SS AMERICAN TRADER knew or should have known of the foreseeable consequences in using said machine without safety equipment being provided and which caused plaintiff, Charles Swain, injuries as aforementioned.

7. The plaintiff, Charles Swain, thereafter called a special meeting of ship's crew on or about June 2, 1970 at approximately 1805 hours that evening to discuss the use of said machine and its danger to the crew. It was recommended at that meeting that the deck brush machine be discontinued on the main deck and hand rails as it spits out

splinters, thorns and spark. It was found that at least two crew members sustained injury from the use of said machine. A copy of the special meeting report was delivered to the Captain of said vessel, SS AMERICAN TRADER, Captain Avis Young, by plaintiff, Charles Swain.

8. The Captain of said vessel thereafter ordered plaintiff to man said deck brush machine on at least three occasions wherein Captain Young knew or should have known having been placed on notice of said machine's defect in spitting wire bristles and the lack of safety equipment which caused painful injuries to plaintiff, Charles Swain, and others.

9. The plaintiff, Charles Swain, requested leave of the Captain of said vessel to do any other type of work other than use of said deck brush machine for fear that to continue using said machine may cause further and extensive injury without the use of safety equipment. The Captain refused this request and ordered plaintiff, Charles Swain, back on the machine. The plaintiff, Charles Swain, refused to obey this order.

10. The plaintiff, Charles Swain, thereafter requested leave to quit the ship and said request was denied by the Captain. Plaintiff, Charles Swain, was then threatened and verbally abused by Captain Young adding to his fear for his safety if he were to remain on board said vessel. On or about June 8, 1970, plaintiff, Charles Swain, disembarked said vessel at Subic Bay, Republic of Philippines.

11. The plaintiff, Charles Swain, was arrested while in the Philippines, serving approximately five days in custody. Plaintiff was sent home by the Vice Consul in Manila, the cost of which was deducted from plaintiff's pay.

12. The plaintiff, Charles Swain, was accused of desertion. In August 1971, plaintiff, Charles Swain, was tried and acquitted on said charges.

13. As a result of this accident, the plaintiff sustained physical injury to his body. Plaintiff further sustained loss of wages and expenses for air travel and miscellaneous costs incurred while under arrest in the Philippines.

14. The defendants and their employees were negligent in providing unsafe and defective equipment to plaintiff, Charles Swain, the equipment was not fit for its intended use.

15. The injuries sustained by plaintiff were caused by defendant's knowingly providing plaintiff with unsafe equipment.

16. The plaintiff was justified in leaving the vessel at Subic Bay, Republic of the Philippines.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the parties and of the subject matter of the action.

2. The accident and resultant injuries suffered by the plaintiff were the result of negligence on the part of the defendant, its employees, agents and servants.

3. The accident and resultant injuries suffered by the plaintiff were caused solely by the negligence of the defendant, its employees, agents and servants.

4. The plaintiff was justified in leaving the ship at Subic Bay, Republic of the Philippines.

5. The court awarded damages to plaintiff in the sum of $3,265.00 which includes $2,500.00 for general damages and $765.00 for special damages. Costs for plaintiff were included in the court's findings.

6. Judgment should be entered for the plaintiff.